UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA MANGOLD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:10 CV 1991 RWS |
| v. ) | |
| ) | |
| LINCOLN COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs have filed a class complaint alleging Lincoln County, Missouri and other Defendants improperly seized part of the cash bond each posted when incarcerated in the Lincoln County Adult Detention Facility. Subsequent to the filing of this action, Plaintiff Shive filed a separate case, Shive v. Warren County, Missouri, et al., Cause Number 4:11CV486TCM, asserting similar claims arising from his incarceration in the Warren County Adult Detention Facility. Plaintiffs have filed a motion to consolidate Shive's case against Warren County into the current case for the purpose of class certification.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides as follows:

> If actions before the court involve a common question of law or fact,
> the court may (1) join for hearing or trial any or all matters at issue in
> the actions; (2) consolidate the actions; or (3) issue any other orders
> to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation. See Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir.1994). The threshold issue is whether the proceedings involve a common party and common issues of fact or law. Id. Consolidation is inappropriate if it

causes confusion or leads to delay, inefficiency, inconvenience, or unfair prejudice to a party. EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir.1998).

Here, Plaintiffs have not demonstrated that consolidation is appropriate. Though Plaintiff Shive is asserting the same causes of action in both cases, his claims are asserted against different Defendants and arise from incarceration in different counties. There is no single Defendant that is present in both cases. Should class certification be granted in these cases, the classes would be separate and distinct. The potential class of plaintiffs in the current case would be composed of individuals incarcerated in the Lincoln County Adult Detention Facility while the plaintiffs in the case sought to be consolidated would be composed of individuals incarcerated in the Warren County Adult Detention Facility. Furthermore, because the facts giving rise to the claims are not shared it is not clear at this time that the cases will be resolved on a shared question of law. Finally, even if consolidated, discovery for the claims arising in Lincoln County will be separate from discovery for the Warren County claims. This could delay the resolution of the cases if they are litigated on a consolidated basis. As a result, I am denying consolidation.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Consolidate Shive v. Warren County, Missouri, et al., Cause Number 4:11CV486TCM with this case is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2011.