UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA MANGOLD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:10 CV 1991 RWS |
| v. | ) |
| | ) |
| LINCOLN COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiffs' motion for class certification. Defendants do not oppose class certification. Following a hearing held on August 30, 2011, I will grant class certification for the reasons that follow.

**I.   Introduction**

Plaintiffs Lisa Mangold and Christopher Shive bring this putative class action against Defendants Lincoln County, Missouri; Michael Brigbaum, Lincoln County Sheriff; County Commission of Lincoln County, Missouri; Sean O'Brien, Presiding Commissioner; James Mayes, Associate Commissioner; and Matt Bass, Associate Commissioner.

Plaintiffs allege Defendants wrongfully withheld part or all of the cash bond they posted while incarcerated in the Lincoln County Adult Detention Facility for "Board Bill" incurred during their incarceration. In Count I of their Amended Complaint, Plaintiffs allege Defendants violated their rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. In Count II, Plaintiffs allege Defendants committed the tort of conversion. In Count III, Plaintiffs allege Defendants violated Plaintiffs' rights under Article I, § 26 of the Missouri Constitution. In Count IV,

Plaintiffs allege Defendants violated their rights under 42 U.S.C. § 1983. Finally, Plaintiffs allege in Count V that Defendants committed the common law tort of money had and received.

## II.     Proposed Class Definition

Plaintiffs propose the following class definition:

> All persons who posted a cash bond to secure their release from the Lincoln County Jail, and, at the disposition of their criminal case, Lincoln County seized a portion of their entire cash bond for the purposes of recouping the "Board Bill" which was incurred during the individual's incarceration. Said seizure was done by Lincoln County under state authority and in violation of the Plaintiffs and Class' [sic] Constitutionally protected rights, 42 U.S.C. § 1983, as well as protection from common law conversion and money had and received occurring from January 5, 2001 until March 7, 2011.

"The class definition must enable the Court to determine objectively who is in the class, and thus, who is bound by the ruling." Walls v. Sagamore Ins. Co., 2009 WL 890528, *4 (E.D. Ark. March 31, 2009); see also Dumas v. Albers Medical, Inc., 2005 WL 2172030, *5 (W.D. Mo. Sept. 7, 2005). "Identifying the class insures that those actually harmed by the defendant's conduct will be the recipients of the relief eventually provided." Id. (quoting In re PPA Products Liability Litig., 214 F.R.D. 614, 617 (W.D. Wash. 2003)). "[T]o accomplish this, the Court should not have to engage in lengthy, individualized inquiries in order to identify members of the class." Walls, 2009 WL 890528 at *4 (internal citation omitted). Here, Defendants do not contest the proposed definition of the class and all putative members in the proposed class definition are harmed by Defendants' conduct under Plaintiffs' theory of the case. On this record, Plaintiffs' proposed class definition is sufficient.

## III.    Class Action Standard

Federal Rule of Civil Procedure 23 governs class certification. "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." Wal-Mart v. Dukes, 131 S. Ct. 2541, 2550. "The Rule's four requirements – numerosity,

commonality, typicality, and adequate representation– effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." Id. (internal citations omitted). "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). Although "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," a court has no "authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982).

  *A. Requirements of Rule 23(a)*

  Federal Rule of Civil Procedure 23(a) allows one or more individuals to sue as representative parties on behalf of a class "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); see also Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996); Morgan v. United Parcel Service of America, Inc., 169 F.R.D. 349, 354 (E.D. Mo. 1996). Plaintiffs have the burden to establish each of the four prerequisites: numerosity, commonality, typicality and adequacy of representation. Falcon, 457 U.S. at 156. Additionally, a plaintiff must fulfill the requirements of a Rule 23(b) category in order to obtain certification for the proposed class. Fed. R. Civ. P. 23(b); Wal-Mart, 131 S. Ct. at 2548. Plaintiffs bear the burden of proving both the threshold requirements of Rule 23(a) and fulfillment of one of the three subsections set forth in Rule 23(b). Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

a. Rule 23(a)(1): Numerosity

A class may not be certified unless the proposed class is so large that joinder of all class members would be "impracticable." Fed. R. Civ. P. 23(a)(1). At the hearing, Plaintiffs stated that the number of potential class members has been difficult to estimate due to Defendants failure to provide records of all class members and the amount of any board bill seized by Defendants for the time period in question. Defendants do not dispute that the plaintiffs meet the numerosity requirement, and, given the nature of the class, I find that Plaintiffs have met the numerosity requirement of Rule 23(a).

b. Rule 23(a)(2): Commonality

Rule 23(a)(2) requires the presence of questions of law or fact common to the class. "Commonality requires the plaintiff to demonstrate that the class members have 'suffered the same injury.'" Wal-Mart, 131S.Ct at 2551 (quoting Falcon, 457 US at 157). Plaintiffs contend that a common question of law is presented in this case: whether Defendants practice of withholding cash bond to satisfy "Board Bill" is unconstitutional and constitutes the torts of conversion and money had and received. Plaintiffs also assert that class members have suffered the same injury because their claims arise from the same conduct of Defendants withholding part or all of their cash bond for Board Bill. The determination of whether that same conduct was legal or illegal will resolve the claims of the putative class. Defendants do not dispute that Plaintiffs meet the commonality requirement, and I find that Plaintiffs have met the commonality requirement of Rule 23(a).

c. Rule 23(a)(3)-(4): Typicality and Adequacy

Rule 23 (a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." Rule 23(a)(4) requires that the named plaintiff must fairly and adequately protect the interests of class members. To meet this requirement, the named plaintiff

must be a member of the class she seeks to represent. East Texas Motor Freight System, Inc v. Rodriquez, 431 U.S. 395, 403 (1977); Roby, 775 F.2d at 961; Tuft v. McDonnell Douglas Corp., 581 F.2d 1304, 1307-08 (8th Cir. 1978). In addition, the class representative must possess the same interest and suffer the same injury as the class members. Rodriquez, 431 U.S. at 403. The adequacy rule also applies to lawyers seeking to represent the class. See Bradford v. AGCO Corp., 187 F.R.D. 600, 605 (W.D. Mo. 1999).

Here, Plaintiffs contend that their claims are identical to members of the putative class and that they and their counsel will adequately represent and vigorously defend the interests of the class. Plaintiffs assert this requirement is satisfied because the claims of the Plaintiffs and the class members arise from the same conduct by the Defendants. Plaintiffs also assert they will adequately protect the interests of all class members because they share the same injury and seek the same legal remedy. Plaintiffs seek a refund of cash bond withheld for Board Bill, which is the same relief sought on behalf of the Class. Defendants do not dispute that Plaintiffs meet this requirement, and I find that Plaintiffs have met the Typicality and Adequacy requirement of Rule 23(a)(3) and 23(a)(4).

For these reasons, I find that plaintiffs meet the requirements for bringing a class action under Rule 23(a).

B. *Requirements of Rule 23(b)(3)*

In addition to satisfying the requirements of Rule 23(a), to be certified as a class action Plaintiffs must also fulfill the requirements of one of the Rule 23(b) categories. Here, Plaintiffs allege that they meet the requirements of Rule 23(b)(3), which permits class certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." This requirement "tests whether

proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). The nature of the evidence that will suffice to resolve a question determines whether the question is common or individual. See In re Visa, 280 F.3d at 136-40. If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question. See id. In other words, "just because the legal issues or underlying theories of recovery involved may be common to all class members does not mean that the proof required to establish these same issues is sufficiently similar to warrant certification." Dumas v. Albers Med., Inc., 2005 WL 2172030, *3 (W.D. Mo. Sept. 7, 2005). "The standard for certification imposed by Rule 23(b)(3) is more demanding than the commonality requirement of Rule 23(a), and mandates caution, particularly where individual stakes are high and disparities among class members are great." In re Genetically Modified Rice Litig., 251 F.R.D. 392, 397 (E.D. Mo. 2008).

"To determine whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings." Blades v. Monsanto Co.,400 F.3d 562, 566 (8th Cir. 2005). "In conducting this preliminary inquiry, however, the court must look only so far as to determine whether, given the factual setting of the case, if the plaintiffs' general allegations are true, common evidence could suffice to make out a prima facie case for the class." Id. at 566-67.

Plaintiffs allege that a class action is a superior to other available methods to adjudicate this controversy because "members will have no interest in individually pursuing the seizure of the cash bonds because the litigation expenses would far outweigh the recover of this cash bond." Plaintiffs argue that, as a result, individual litigation by the purported class members is not a viable alternative to proceeding with a class action. Neither Plaintiffs nor Defendants have identified litigation that has

already begun by the class members.[1] Further, the evidence required to determine whether the purported class members are entitled to recover is the same as is necessary to determine if Plaintiffs are entitled to recovery. Finally, Plaintiffs argue managing this class action is unlikely to present difficulties. Defendants do not contest that Plaintiffs have satisfied the requirements of Rule 23(b)(3). Accordingly, I find that Plaintiffs have satisfied the requirements for bringing a class action under Rule 23(b)(3).

Based on the foregoing, I will grant Plaintiffs' motion for class certification. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for class certification [#25] is **GRANTED**.

**IT IS FURTHER ORDERED** that there will be an **amended scheduling conference on Friday, September 9, 2011 at 12:00 p.m. in my Chambers**. Parties shall file a proposed schedule for class notification and discovery for the remainder of this case no later than **Thursday, September 8, 2011**.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2011.

---

[1] During the hearing, Plaintiffs referred to litigation pending before a different court challenging a similar practice used by a different county in Missouri.