UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA MANGOLD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:10 CV 1991 RWS |
| v. | ) |
| | ) |
| LINCOLN COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Currently pending before me is Plaintiffs' motion to amend complaint in which Plaintiffs seek to assert claims against a defendant class. In the motion, Plaintiffs go on to brief why a defendant class should be certified in this matter. For the reasons stated below, Plaintiffs' motion will be denied.

**Background**

Plaintiffs allege Defendants Lincoln County, Missouri; Michael Brigbaum, Lincoln County Sheriff; County Commission of Lincoln County, Missouri; Sean O'Brien, Presiding Commissioner; James Mayes, Associate Commissioner; and Matt Bass, Associate Commissioner wrongfully withheld part or all of the cash bond they posted while incarcerated in the Lincoln County Adult Detention Facility for "Board Bill" incurred during their incarceration. Plaintiffs allege Defendants violated their rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, committed the tort of conversion, violated Plaintiffs' rights under Article I, § 26 of the Missouri Constitution, violated their rights under 42 U.S.C. § 1983, and committed the common law tort of money had and received.

Subsequent to filing this action, Plaintiff Shive filed a separate case, <u>Shive v. Warrent County, Missouri, et al.</u>, Cause Number 4:11CV486TCM, asserting similar claims arising from his incarceration in the Warren County Adult Detention Facility. Plaintiffs filed a motion to consolidate Shive's case against Warren County into the current case. On May 11, 2011, I denied Plaintiffs' motion to consolidate, reasoning that though Shive asserted the same causes of action in both cases, consolidation was not appropriate because the facts giving rise to the claims are not shared and it was not clear that the cases would be resolved on a shared question of law.

On August 31, 2011, I certified a Plaintiff class of all persons who posted a cash bond to secure their release from the Lincoln County Jail, and, at the disposition of their criminal case, Lincoln County seized a portion of their entire cash bond for the purposes of recouping the "Board Bill" which was incurred during the individual's incarceration January 5, 2001 until March 7, 2011.

Plaintiffs now seek to amend their complaint to include a Defendant Class that includes ninety counties in the State of Missouri and their respective circuit clerks/court administrators. Plaintiffs allege all the counties in Missouri participate in state-wide "practice" of wrongfully seizing board bills from the cash bonds posted by those incarcerated in county detention facilities.

**Discussion**

Plaintiffs seek to certify a defendant class to include ninety Missouri counties and their respective circuit clerks/court administrators. Plaintiffs assert the circuit clerks/court administrators "are officials of a single state and are charged with enforcing or uniformly acting in accordance with a common practice of state-wide application in that they seize[] [] cash bonds without due process." Plaintiffs argue the counties and circuit clerks/court administrators are

juridically linked through this alleged common practice.

While a court should grant leave to amend freely under Rule 15(a) "when justice so requires" a "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." United States ex. rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001). Plaintiffs' motion to amend will be denied because seeking to certify a defendant class in this matter would be futile.[1] Though Defendants were ordered to file a Response to Plaintiffs' Motion, Defendants indicated they neither oppose nor consent to Plaintiffs' motion and did not brief the legal issues raised by Plaintiffs. However, it is clear from Plaintiffs' briefing and the record before me that certification of a defendant class in this matter is not appropriate.

Rule 23(a) sets out the requirements for me to find that class certification is proper. It does not distinguish between plaintiff and defendant class actions. Rule 23(a)(2) requires that there be questions of law or fact in common to the class. Plaintiffs argue this requirement is satisfied because the claims asserted against the putative defendant class are identical to those asserted against Lincoln County. However, as I indicated in denying Plaintiffs' motion to consolidate, under the circumstances presented in this case, that the same claims are asserted against the putative defendant class is not indicative of questions of law or fact being common to the class. Instead, the facts giving rise to the claims against each member of the putative defendant class are not shared. Plaintiffs assert that the putative defendant class is engaged in a

---

[1] The current motion was also filed well after the November 22, 2011 deadline to file motions to amend pleadings under the Case Management Order [#38] and was filed while the parties were engaged in pursuing alternative dispute resolution. Amending the pleadings at this stage would certainly cause significant delay in bringing the current matter to a resolution.

state-wide practice of improperly seizing cash bonds, but Plaintiffs fail to assert any basis to support their conclusory allegation of a state-wide practice. Plaintiffs do not allege that the putative defendant class is enforcing a state statute or acting pursuant to a court rule applicable to each county. It is not at all clear at this time that the claims against the putative defendant class will be resolved on a shared question of law. Instead, it is highly likely that analysis of the claims asserted against each member of the putative defendant class would require an individualized inquiry on a case by case basis into the court rules and procedures of each county. As a result, I cannot find that the requirement under Rule 23(a)(2) that there be common questions of law or fact in common to the class is satisfied.

Because Plaintiffs have failed to satisfy the requirements of Rule 23(a), I need not reach the merits of Plaintiffs' far reaching argument I should apply the juridical links theory to find that Plaintiffs Shrive and Mangold may represent the Plaintiff class in asserting claims against counties in which they have not been incarcerated.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for Leave to Amend Complaint to Include A Defendant Class # [44] is **DENIED**.

**IT IS FURTHER ORDERED that** the alternative dispute resolution referral shall terminate on **August 10, 2012**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2012.