UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA MANGOLD and CHRISTOPHER SHIVE, | ) ) ) |
| Plaintiffs, | ) ) |
| Vs. | ) Case No. 4:10CV01991 RWS ) |
| LINCOLN COUNTY, MISSOURI, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Lisa Mangold and Christopher Shive filed a class action against Lincoln County, the Lincoln Sheriff, the Lincoln County Commission, the Lincoln County Commissioners, and Judges of the 45th Judicial Circuit of Missouri[1] under 42 U.S.C. § 1983 and state law, claiming their rights were violated when Defendants deducted the costs of their incarceration from their posted bond without their consent. Plaintiffs now seek summary judgment on their § 1983 and conversion claims. The motion will be denied for the reasons discussed below.

Standards Governing Summary Judgment

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Torgerson v. City of Rochester, 643 F.3d

---

[1] On July 5, 2011, I granted Defendants' motion to dismiss claims against Defendants Judge Dan Dildine, Judge Ben Burkemper, Judge Amy Kinker, and Judge David Ash on the ground of judicial immunity [#32].

1

1031, 1042 (8th Cir. 2011) (quoting Fed.R.Civ.P. 56(c)(2)). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Id. (internal quotation marks and citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted).

## Background

Mangold was incarcerated in the Lincoln County Adult Detention Facility from November 25, 2009 through February 9, 2010. Mangold's mother, Dawn Hawn, posted a $1,500.00 cash bond with the Lincoln County Sheriff's Department to secure Mangold's release. The bond was posted in Mangold's name alone. Mangold alleges that Lincoln County Sheriff's Department did

2

not return her bond after the disposition of her case, but instead applied the entire bond as payment for the costs of her incarceration. Mangold alleges that she was not notified that cost of room and board for jail time would be deducted from her bond, that she did not consent to the deduction, and that she was not provided an opportunity to contest the deduction.

Shive has been incarcerated in Lincoln County Adult Detention Facility on several different occasions, including on March 12, 2004, on May 4, 2004 to May 19, 2004, and June 1, 2004 through June 10, 2004. Shive posted a $2,500.00 cash bond with the Lincoln County Sheriff's Department to secure his release. Shive alleges that after the disposition of his case, $320.00 of his cash bond was deducted as payment for the costs of his incarceration. Shive also alleges that he was not notified that cost of room and board for jail time would be deducted from his bond, that he did not consent to the deduction, and that he was not provided an opportunity to contest the deduction.

Plaintiffs sued Defendants for allegedly violating the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and Article 1, § 26 of the Missouri Constitution. They also brought claims under state law for conversion and money had and received. On August, 31, 2011, I certified a plaintiff class of all persons who posted a cash bond to secure their release from the Lincoln County Jail from January 5, 2001 until March 7, 2011 and had a portion of their cash bond deducted for the purposes of recouping the costs of the individual's incarceration. On June 22, 2012, I denied Plaintiffs' motion to certify a putative defendant class that included ninety counties in the State of Missouri and their respective court administrators. Currently before me is Plaintiffs' motion for partial summary judgement.

Discussion

At the outset, I find it necessary to resolve some apparent confusion regarding the proper parties in this matter. Public servants may be sued under § 1983 in both their official and individual capacities. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). However, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Id. Here, Plaintiffs' amended complaint specifically states that the Lincoln County Commissioners are *not* being sued in their individual capacities, but the complaint is silent as to whether the Lincoln County Sheriff, Michael Krigbaum, is being sued in his individual or official capacity. The caption of Plaintiffs' complaint makes no reference to either individual or official capacity, and the body of the complaint refers to Michael Krigbaum as "the duly elected Sheriff of Lincoln County, Missouri, serving as authorized pursuant to Chapter 57 of the Missouri Revised Statues." Because the complaint contains no specific pleading of individual capacity, it is assumed that the Sheriff is sued only in his official capacity. Id. A suit against a defendant in his official capacity is treated as a suit against the public employer, in this case Lincoln County. Elder–Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006).

The defenses of absolute and qualified immunity, including quasi-judicial immunity, are not available to individuals sued in their official capacities. VanHorn v. Oelschlager, 502 F.3d 775, 778 (8th Cir. 2007) ("[T]his court's precedent, Supreme Court precedent, and case law from our sister circuits make clear that absolute, quasi-judicial immunity is not available for defendants sued

in their official capacities."). Because this is essentially a suit against Lincoln County, "the only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment." Kentucky v. Graham, 473 U.S. 159, 167 (1985). However, sovereign immunity does not extend to counties, so Lincoln County cannot claim such protection. Northern Ins. Co. of New York v. Chatham County, Ga., 547 U.S. 189, 193 (2006) ("[T]his Court has repeatedly refused to extend sovereign immunity to counties.").

Lincoln County cannot be held vicariously liable under § 1983 for the unconstitutional acts of its employees. Monell v. Dep't of Social Serv., 436 U.S. 658, 694 (1978); McGautha v. Jackson County, 36 F.3d 53, 56 (8th Cir. 1994) ("Respondeat superior does not apply under section § 1983 because municipal liability is limited to conduct for which the municipality is itself actually responsible."). Instead, Plaintiffs must prove that Lincoln County "*itself* caused the constitutional violation at issue." Kuha v. City of Minnetonka, 365 F.3d 590, 604 (8th Cir. 2003) (emphasis in original). To do so, Plaintiffs must identify a policy or custom of Lincoln County that caused the alleged violation. Mettier v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). A county will only be liable under § 1983 where a county official "responsible for establishing final policy with respect to the subject matter in question" makes a deliberate choice among competing alternatives that results in the violation of constitutional rights. Pembaur v. City of Cincinnati, 475 U.S. 469, 483–84 (1986). Designation of the official or body responsible for the challenged policy is a matter of state law determined by the court. Jett v. Dallas Independent School Dist., 491 U.S. 701, 737 (1989).

Even if I construe Plaintiffs' pleadings liberally to allege that it is Lincoln County's policy

5

of deducting the costs of incarceration from a posted bond that violated their rights under the Constitution, Plaintiffs would not be entitled to summary judgement because they have not demonstrated that *Lincoln County* is responsible for the challenged policy. Instead, the 45th Judicial Circuit--the state judicial district in which Lincoln County sits--adopted Local Court Rule 12, which declares that "room and board for jail time and court ordered restitution shall be deducted from the cash bond before any money is refunded to the defendant." When Plaintiffs posted bond, they signed a "Bond Form" bearing a Circuit Court heading, which advised that "fines, court costs, restitution, and various other fees will be deducted from the cash bond before any money will be refunded to the defendant". The "Case Party Fee Report," a document provided to Plaintiffs to account for the charges for the costs of their incarceration and deductions from their bond, also included a Circuit Court heading. In light of this undisputed evidence in the record, it is unclear whether Lincoln County is responsible for the policy in question. See Granada v. City of St. Louis, 472 F.2d 565 (8th Cir. 2007) (holding a judicial order was not a final policy capable of creating municipal liability under § 1983). However, it certainly demonstrates that Plaintiffs are not entitled to summary judgment as a matter of law at this time.[2]

It appears that *Defendants* may actually be entitled summary judgment, but further briefing is required from the parties before the Court may decide whether Lincoln County can be held liable for the challenged policy. Therefore, in the interests of justice, the Court will grant the parties an opportunity to properly address the issues raised in this Memorandum and Order, through additional summary judgment briefing.

---

[2] I also find that Plaintiffs are not entitled summary judgment as a matter of law on their state law claim of conversion at this time.

Accordingly,

**IT IS ORDERED that** Plaintiffs' motion of for summary judgment [#52] is **DENIED**.

**IT IS FURTHER ORDERED** that any additional motions for summary judgment may be filed by **January 15, 2013**. Any opposition briefs shall be filed by **February 14, 2013**, and any reply briefs shall be filed by **February 26, 2013**.

**IT IS FURTHER ORDERED** that the **January 7, 2013 trial setting is vacated, and this case will be reset for trial, if necessary, following the Court's ruling on summary judgment**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2012.